GReen, J.
delivered the opinion of the court.
■ The petition for certiorari in this case states, that Charles Donoho sued out a warrant, from a justice of the peace, against the petitioner, Angelly, which was served by James Donoho, deputy sheriff; that he attended the place appoihted for trial, but the warrant was not returned; that he was afterwards notified to attend before justice Mitchell, on the 16th of October, and did attend, remained until late in the evening, and said deputy sheriff not appearing to return said warrant, petitioner went home, but that, as he is informed, said warrant was returned after sun down with a note that he has long since paid, and that judgment was rendered against him on said unjust claim. The petitioner further states, that he was not advised of the fact that the judgment had been rendered against him until after the time allowed by law for appealing had expired. The circuit court dismissed the certiorari, and gave judgment against the defendant, from which this appeal in error is prosecuted.
We think the court erred in dismissing the ceniorari in this case. The excuse for not being present to appeal, is, we think reasonable. The defendant had once before been notified, and the officer failed to attend. He had a right to think that he intended to pursue the same course, as he remained late, and the return was not made until after sun down. This course *146 was doubtless taken with a view to deceive him, and prevent his attendance. It is true, he would have a remedy against the sheriff for any misconduct of his deputy, whereby an injury has accrued to him. But why turn him over to a troublesome and expensive action against the sheriff, and permit the plaintiff below to reap the fruits of his unjust judgment, when the whole matter can be settled by a trial of this cause in the circuit court?
The question is, has a reasonable excuse been given for not appealing? And we think it has. Reverse the judgment and remand the cause to the circuit court of Bradley county.